GRACE SUTTON ET AL. *vs.* JOSEPH HAUK ET AL.

First Judicial District, Hartford, May Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued May 3d—decided June 14th, 1928.

*Ralph O. Wells,* for the appellants (plaintiffs).

*Abraham S. Bordon,* with whom, on the brief, was *Harold Bordon,* for the appellee (defendant Joseph Hauk).

HINMAN, J.   An automobile driven by the defendant Sullivan, in which the plaintiff Sutton was a passenger, and one driven by the defendant Hauk collided in the intersection of Center and McKee streets in Manchester. The only allegation of negligence on the part of Hauk upon which recovery was claimed on the trial was that, before entering the intersection from McKee Street, he stopped or slowed down his car as if to allow that in which Miss Sutton was riding to pass in front of him and then, suddenly, without warning, started his car and drove it into the path in which the Sullivan car was traveling.

The jury might reasonably have found, from the evidence, that as Hauk approached the intersection on McKee Street, from Sullivan's right, he ascended a sharp grade in second gear, stopped at the top of the grade just before entering the intersection to see if any cars were approaching on Center Street, saw the Sullivan car nearly two hundred feet away, to his left,

and started ahead across Center Street; that when he reached the middle of the street and saw that Sullivan was turning to the left as if to pass in front of him, he stopped his car, but that the Sullivan car skidded from forty to sixty feet along trolley tracks, which were located in the center of the street, and collided with his car. There was evidence that, although the street was icy and extremely slippery, Sullivan was driving at about thirty-five miles per hour up to a few hundred feet westerly from McKee Street and at about twenty-five miles per hour thereafter. The trial court was fully warranted in denying the motion to set aside the verdict in favor of Hauk as against the evidence.

After the jury had deliberated for two hours they returned and requested further instructions as to the rules pertaining to right of way as involved in the case, and certain instructions were given them. The jury then requested that the testimony of Hauk be read to them and, after a recess, this was done, after which the court gave further brief instructions. Adjournment was then taken to the next morning, when the court, with the stated purpose of refreshing the recollection of the jurors, briefly restated the instructions which it had given, in response to their request, the preceding afternoon.

The reasons of appeal directed against the charge consist of brief isolated excerpts from these several instructions. Such deficiencies as they suggest, on their face, are found on analysis to arise largely from their separation from other and complementary portions of the charge, as is often the case, and from a grouping together—as if contiguous—of excerpts widely separated in charge as given, an expedient which, happily, is more rare. Of the two paragraphs quoted in the second reason of appeal, one is from the original

charge, the other from the first supplementary instructions. The third reason quotes, *seriatim,* one excerpt from the original charge, two from the first response to the jury's inquiry, and two from the further instructions given after recess and reading of testimony. The fourth reason cites a sentence from the first special instruction, and the fifth quotes from the court's statement of the following morning.

When the original charge and supplementary instructions are fairly read and considered as a whole, however, we think it apparent that the jury must have derived therefrom an accurate conception of the rules of law applicable to any situation which might be deduced from the evidence and, when so applied, determinative of the liability of the defendant Hauk; that of defendant Sullivan does not appear to have been questioned or to have been open to question. Since Hauk approached the intersection from Sullivan's right and, confessedly, reached it when Sullivan's car was nearly or quite two hundred feet away, Hauk had the right of way, and the consequent right to assume that Sullivan would grant it to him and have his car under such control that Hauk, in the exercise of reasonable care, could proceed through the intersection without danger of collision with Sullivan's car. Hauk's duty then, in continuing on his course, was to operate his car as a reasonably prudent person, with knowledge that he had the right of way, would operate under like circumstances. *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 Atl. 735. This was made clear by the instructions given. The only acts of Hauk which were pleaded and claimed as negligent on his part were the stopping of his car before entering the intersection and then going ahead as he did. Whether, in so stopping, he negligently produced a situation which justified Sullivan in believing that Hauk had yielded the

right of way to him, and whether he was negligent in then starting forward across the intersection, in view of his knowledge of the approach of Sullivan's car and its speed, was repeatedly, properly, and intelligibly submitted to the jury for their determination.

In order to render Hauk liable his conduct must have been not only negligent but also a proximate cause of the collision. If Sullivan's rate of speed or other conduct was such that the collision would have occurred whether or not Hauk had stopped and then started as he did, or if Hauk had proceeded far enough across the street so that Sullivan, had he been traveling with proper speed and control, could have passed to his right and in the rear of Hauk's car without colliding with it, such speed or lack of control could well be regarded as the proximate cause of the collision, rendering Sullivan solely liable. The instruction to that effect therefore was not erroneous, as appellants claim.

There is no error.

In this opinion the other judges concurred.