FELICE PAPE *vs.* CHARLES H. BAUM.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 7th—decided July 19th, 1932.

*Charles S. Hamilton* and *Joseph M. Manfreda,* for the appellant (plaintiff).

*Donald Gaffney,* with whom, on the brief, was *Bernard F. Gaffney,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover for a breach of a contract with the defendant for the sale of a plating business by him to her, with equipment and good will. In the contract were contained certain provisions obligating the defendant for a period of two years, unless he was incapacitated by illness, to employ himself diligently in the business for the plaintiff and to use every effort and endeavor to show the art and trade of the plating business to the plaintiff's son, and also binding him not to engage directly or indirectly in any competing business. The plaintiff based her action upon the breach of these undertakings and from a judgment upon a verdict for the defendant has appealed to this court.

She claims error in the failure of the trial court to give certain requested instructions to the jury. One of these concerns the defendant's agreement not to engage in a competing business; the trial court instructed the jury that there was no sufficient evidence of a breach of this agreement by the defendant; and the claims of proof made by the parties justify that instruction. Another requested charge concerns the rule of damages to be applied, but as the verdict determined the issue of liability for the defendant, any

error as to damages is not material. The other requests to charge, so far as not compiled with, consist of statements of fact as the plaintiff claimed them with the conclusion that if the jury found them to have been proved the plaintiff was entitled to recover. The trial court in its charge presented the issues with sufficient fullness of statement for the guidance of the jury and to give the requested instructions would only have clouded the issues. One reason of appeal states, without specifically assigning any particular ground, that the trial court erred in what purports to be a continuous passage from the charge covering almost two printed pages, but which in fact consists of several portions which were separated in it by other instructions and which do not deal with the same matter. Such an assignment is improper and we disregard it. *Sutton* v. *Hauk*, 108 Conn. 9, 142 Atl. 385; *O'Neil* v. *Larkin-Carey Co.*, 106 Conn. 153, 137 Atl. 721; *Ford Co.* v. *Dudley*, 104 Conn. 519, 133 Atl. 746. Of the rulings on evidence of which complaint is made three would be material, if at all, only upon the issue of damages and hence do not require consideration, and the answer given to the fourth, before its exclusion, shows that the ruling was harmless.

There is no error.