HARRY C. MCNAUGHT *v*. EDWARD A. SMITH.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 4, 1940—decided January 10, 1941.

*Isadore Chaplowe,* with whom, on the brief, was *Vincent P. Dooley,* for the appellant (defendant).

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellee (plaintiff).

BROWN, J. On October 22, 1938, the plaintiff drove his Dodge coupe easterly along Chelsea Parade South in Norwich into its intersection with Broadway, and turned right to proceed southerly on Broadway. Meantime the defendant drove his Reo truck southerly on Broadway through the intersection, and at a point just south of it the left front corner of the coupe was in collision with the right side of the truck. In this action to recover for damage to the coupe, one ground of negligence alleged in the plaintiff's complaint is the defendant's failure to grant the right of way. The jury rendered a verdict for the defendant which the court, upon the plaintiff's motion, set aside on the ground that it had erred in its charge to the jury. This ruling is the sole basis of the defendant's appeal.

In its charge the court quoted § 636c of the General Statutes, Cum. Sup. 1935, concerning the right of way at intersections, and then gave to the jury this instruction which it subsequently decided to be erroneous and to require that the verdict be set aside: "Now, gentlemen, you will note from the reading of this statute that it gives the right of way to a car approaching the intersection from the right only when both cars are arriving at the intersection at approximately the same time. If you find that the plaintiff's car and the defendant's truck were arriving at the intersection

at approximately the same time then the plaintiff, being on the right of the defendant, had the right of way, and it was the duty of the defendant to yield the right of way to the plaintiff. If, however, the defendant's truck reached the intersection first, the statute giving the right of way to a car approaching from the right when both are arriving, at approximately the same time, is not controlling. On the contrary, if the defendant arrived at the intersection first and was in the intersection before the plaintiff entered then the defendant had the right of way and the right to assume that the plaintiff would yield that right of way to him."

The plaintiff's claims of proof were that when his car was about ten to fifteen feet west of and approaching the intersection at from twelve to fifteen miles per hour, he saw the defendant's truck not less than two hundred feet north of the intersection approaching at about forty miles per hour; that as the plaintiff continued to approach he reduced the speed of his car and proceeded to make a right turn into Broadway heading south; and that his car and the defendant's truck were approaching so as to arrive at the intersection at approximately the same time. Those of the defendant were that his truck was traveling south at about twenty-five miles per hour and slowed down somewhat a short distance north of the intersection, and he then saw the plaintiff's car approaching the intersection at a point quite a distance westerly of it; that the plaintiff's car was just approaching the intersection as the truck entered it, and the car appeared to be slowing down; and that because his truck had entered the intersection before the plaintiff's car reached it, the defendant proceeded through until the front end of the truck was beyond the south side of it, when the collision occurred. Thus the case for the

jury's determination was one where the plaintiff was claiming the right of way under the statute because the vehicles arrived at the intersection at approximately the same time, while the defendant's claim was that he had the right of way because his truck had entered the intersection first. It was therefore essential that the court inform the jury what the statute's provision "arriving at such intersection at approximately the same time" means as interpreted by this court.

The underlying purpose of the statutes concerning the right of way at intersections is to prevent vehicles coming into collision; they are essentially regulations of traffic; and if their meaning is not definitely settled by the language used, they are to be interpreted in the light of their application to traffic moving over the highways. *Mathis* v. *Bzdula,* 122 Conn. 202, 205, 188 Atl. 264. In pursuance of this principle this court has declared that in determining whether two vehicles are "arriving at [an] intersection at approximately the same time," as those words are used in § 636c, the test is whether a man of ordinary prudence, being placed in the situation of the driver approaching the intersection upon the left of the other, would reasonably believe, in the exercise of due care, that if the two automobiles continued to run at the rate of speed at which they were running, their continuance upon their course would involve the risk of a collision. *Hall* v. *Root,* 109 Conn. 33, 36, 145 Atl. 36; *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 Atl. 350. As pointed out in the trial court's memorandum granting the motion to set aside the verdict, the charge was rendered fatally defective by its omission of a statement of this test and its inclusion of the erroneous instruction that the first to enter the intersection thereby acquired the right of way. Not only was it incomplete and incor-

rect as a statement of law, but further upon the conflicting claims of proof in this case, it is evident that under the correct rule the truck might have entered the intersection first and yet not have had the right of way. As was said in the *Hall* case (p. 37) ". . . it is essential that the charge make clear that the test is, not the time of arrival at the entrance to the intersection, but the reasonable apprehension of collision on the part of the driver approaching from the left."

The court's further correct instructions containing the caution that regardless of who had the right of way, each must use reasonable care under the circumstances, cannot avail to render the erroneous instruction harmless, as the defendant contends. If the vehicles were arriving at the intersection at approximately the same time, entitling the plaintiff to the right of way, not only was the defendant bound to yield it to him but the plaintiff had the right to assume, until as a reasonable man he was charged with knowledge to the contrary, that the defendant would so yield it (*Hall* case, p. 37; *Hansen* v. *Costello*, 125 Conn. 386, 388, 5 Atl. (2d) 880), so that whether he was guilty of contributory negligence could only be determined in the light of that assumption. Therefore the further instruction was ineffective to correct the test involved in the charge as given, of either the defendant's negligence or the plaintiff's due care.

There is no error.

In this opinion the other judges concurred.