## DAVID F. D. A. SMITH
*vs.*
## RICHARD I. USHER

Superior Court        Hartford County        File No. 66636

MEMORANDUM FILED APRIL 28, 1942.

*I. J. Kunik,* of Hartford, for the Plaintiff.

*Davis, Lee, Walker & Wright,* of Hartford, for the Defendant.

MUNGER, J.   The evidence discloses the following facts: On September 6, 1941, the plaintiff was operating a motorcycle on a highway leading west from Manchester. At this time the defendant was driving an automobile on the same highway, going east toward Manchester. This highway at a point opposite the green, so-called, is intersected by a highway known as the Tolland Turnpike. Going east toward Manchester this Tolland Turnpike veers off to the left. The location is shown on the map, Plaintiff's Exhibit B. The day in question was a Saturday and the injuries were received about four o'clock in the afternoon.

As the defendant drove his car east he was following a car immediately in front of him. There was also a car immedi-

ately behind him. The car in front of the defendant was about 20 or 25 feet away from him and both the defendant's car and the one in front were traveling at a speed of from 20 to 25 miles per hour. Upon approaching the entrance to the Tolland· Turnpike the car in front of the defendant turned left for the purpose of entering the Tolland Turnpike. The driver of this car in front of the defendant extended his arm and gave a signal for the turn. , The defendant also intended to enter the Tolland Turnpike and he himself extended his arm and gave a signal before turning. After turning to the left the car in front of the defendant suddenly made a sharp turn to the right and went over to the south side of the highway leading east past the green and known as North Main Street, as shown on the maj

During the time when these cars were being operated as above described, the plaintiff was driving his motorcycle west on North Main Street, and immediately after the car in front of the defendant had made this sudden turn to the right as above described the motorcycle collided with the defendant's car. The defendant was following the car in front of him and the defendant started to turn left for the purpose of entering the Tolland Turnpike at a point 12 or 15 feet west of the end of the white line marked on the highway as shown on Exhibit B. The defendant did not see the motorcycle until immediately before the impact because his view had been obstructed in such a way that the motorcycle was not seen. As soon as the defendant saw the motorcycle approaching he put on his brakes but the motorcycle crashed into his car at a time when the defendant's car was at a standstill.

The point of the impact is definitely fixed by the witness, Officer Martin, as a point 95 feet west from the point of the green as shown on the map, and ten feet and five inches to the north side of the highway as shown on the map. This point of contact as described by Officer Martin almost exactly coincides with the point of impact as described by the defendant, Usher. From this point of impact there is a space substantially 12½ feet north to the edge of the highway, not including the shoulder of the road. The plaintiff's motorcycle collided with the defendant's car at the point of impact as above described with such force that he was thrown 12 feet in the air, as estimated, and he was driving his motorcycle along North Main Street toward this intersection at a speed of 45 miles per hour. This speed is not disputed. The plain

tiff has no recollection whatever of anything that happened as he drove his motorcycle along North Main Street on that day, either before or after the accident, and he so distinctly testified.

I cannot find that the defendant was negligent in any of the ways described in the complaint. The plaintiff stresses the fact that the defendant violated the statutory rule of the road in that intending to turn into the Tolland Turnpike he passed to the left of the center of the intersection. Assuming for the sake of the argument that this was the fact it is entirely clear that by no possibility could this have been a proximate cause of the plaintiff's injuries. The turning to the left of the center of the intersection, wherever it may have been, and assuming that this was the fact for the sake of the argu- ment, could only have placed the defendant's car further away from the course of the plaintiff's motorcycle. There does not seem to me to be merit in this claim.

Quite aside, however, from the question of the defendant's negligence, it seems clear that the plaintiff cannot recover because of his own contributory negligence. The plaintiff was familiar with this road and this intersection. He had driven over it and passed the point where the Tolland Turnpike comes into North Main Street twice a day for six months. He had, however, driven over this road at this time in the afternoon only twice. The traffic upon this day was heavy. There was competent testimony that on Saturdays at this time of the afternoon 50% of the traffic going east turns into the Tolland Turnpike. Whether the plaintiff knew of this fact or not it is certain that as he drove along North Main Street there was 50% of the traffic going east which he could not help seeing. The evidence is he did not reduce his speed upon approaching the intersection.

The defendant testified that it seemed to him that the car ahead of him turned suddenly to the right and proceeded toward the south side of North Main Street in order to avoid the motorcycle approaching from the east. Neither side seems to have been able to produce the driver of this car but the inference surely is irresistible that that is exactly what hap- pened. There is no testimony from which we can know at just what point the plaintiff's motorcycle was when the defend- ant's car and the car in front of him started to turn to the left, but the plaintiff could not possibly have failed to see these

two cars turning left into the Tolland Turnpike. Exhibit G clearly portrays the visibility along North Main Street to the east from this intersection. Furthermore, the evidence was that from a point 150 feet east of the tree on the green represented by the green dot on the map a car could be seen coming from the west at a point 350 feet west from pole 1773. This is the last pole to the west as shown on the map, Exhibit B. If the plaintiff had been operating his motorcycle with reasonable care he might have seen the car in front of the defendant's car turn to the right and he could not then have possibly helped seeing the defendant's car turning into the Tolland Turnpike, which was then at the point of impact as described before, or substantially there, because the defendant testified that the impact of the motorcycle with his car was almost instantaneous at the time he saw it.

Why did not the plaintiff as he approached the defendant's car, having seen as he must have seen the car in front of it turn to the right, pass to the right of the defendant's car? As above stated, there was ample room and space to do this. There was a space to the edge of the highway, not including the shoulder, of at least 12½ feet.

The only possible reason that can be given is that the plaintiff was operating his motorcycle as he approached this intersection at an unreasonable rate of speed, to wit, 45 miles an hour, and that his speed and the lack of a proper lookout combined to cause his impact with the defendant's car instead of turning a short distance to the right and passing it.

The plaintiff says that he had the right of way. Assuming for the sake of the argument even that this is true, he is not thereby benefited. An instruction was held to be correct in *McNaught vs. Smith,* 127 Conn. 450, 454, to the effect that "regardless of who had the right of way, each must use reasonable care under the circumstances." The plaintiff could not enforce his right of way if it was reasonably apparent or should have been so that to so enforce it would cause injury to another or to himself. We have a situation where the plaintiff must have seen these two cars turning into the Tolland Turnpike at the point described. The smallest amount of care in the operation of his motorcycle as to speed, lookout and control as he approached this intersection would have enabled him to turn to the right and avoid collision with the defendant's car.

The plaintiff says that as he drove his motorcycle along the road toward this intersection he had the right to assume that traffic coming from the west toward him would keep to the right-hand side of the road and not turn to the left into the Tolland Turnpike. Of course this claim is not sound. Such is not the law.

The plaintiff had a distressing experience and suffered grievous injuries but the conclusion is inescapable that a presumption of due care on his part is clearly overthrown by the evidence. It clearly appears that the injuries received by the plaintiff were a direct result of his own contributory negligence.

Judgment must be rendered for the defendant.