DOROTHY SQUIRES *v.* JANET M. WOLCOTT

MALTBIE, C J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 6—decided March 5, 1947

*Daniel D. Morgan,* for the appellant (defendant).

*Robert I. Ellis,* for the appellee (plaintiff).

ELLS, J.   Two automobiles collided within the intersection of Capitol Avenue and Forest Street in Hartford, and in the ensuing action for damages the trial court found that the defendant was negligent in the operation of her car, that her negligence was the proximate cause of the collision and that the plaintiff was free from contributory negligence.

Upon this appeal from a judgment for the plaintiff, the only question presented relates to contributory negligence.

The finding has not been attacked. Capitol Avenue runs east and west, and is intersected on the north by Forest Street, which runs generally north and south and does not cross Capitol Avenue. Capitol Avenue is a through street. Forest Street is a stop street with a stop sign located thirty-four feet north of the northerly curb line of Capitol Avenue. The intersection of the two streets is not at right angles, because Forest Street runs southwesterly at the point where it joins Capitol Avenue. There was a curved white line painted on the pavement leading from Forest Street in a southeasterly direction into Capitol Avenue, and another such line leading in a southwesterly direction into it. These lines were dotted with metal buttons hammered into the pavement.

The plaintiff was driving southerly on Forest Street. She stopped her car at the stop sign, intending to make a left-hand or southeasterly turn into Capitol Avenue. As the front of her car was entering Capitol Avenue the motor stalled; she started it and continued to make the left turn, following the southeasterly line painted on the pavement. At the time she started the motor and resumed her course she saw the defendant's car traveling west on Capitol Avenue, on the northerly side of the road one hundred and fifty-five feet easterly of the point of the ultimate collision, at a speed of about thirty miles an hour. The defendant did not reduce her speed until she was about fifty feet from the easterly curb line of Forest Street, at which time she applied her brakes and turned to the left. Because of the

slippery condition of the pavement her car skidded and the right front portion of it struck the left front of the plaintiff's car. For about an hour before the collision a mixture of snow and rain had been falling so that the pavements were slippery and the white lines painted thereon were not visible. Daily, on her way home from work, the plaintiff had made the left-hand turn into Capitol Avenue, and she knew about the southeasterly white line painted on the pavement and was in the habit of following it. At the time in question she followed the location of this line and in so doing did not go to her right of the intersection of the center lines of the two streets, for the angle of the intersection was such that the point where the painted line meets the center of Capitol Avenue is at least sixty feet easterly of the point where the center lines of the two streets intersect. If a driver making a left turn from Forest Street into Capitol Avenue went to the right of the intersection of the center lines of the two streets, he would be compelled to bear to his right across the major portion of the intersection and then make a sharp left turn.

As the plaintiff in her complaint alleged that she was in the exercise of due care, it was incumbent upon her to prove it. *Colligan* v. *Reilly,* 129 Conn. 26, 28, 26 A.2d 231. In making a left turn she did not keep to the right of the intersection of the centers of the two highways. The trial court, by stating that the plaintiff "followed" the white line, evidently meant that she kept to the right of it, as both parties have apparently assumed in their presentation of the case. The plaintiff was negligent unless the exception contained in the applicable rule of the road permitted her to take this course. In its application

to the present situation, General Statutes, Cum. Sup. 1939, § 544e, provides that "any person shall, at the intersection of public highways, keep to the right of the intersection of the centers of such highways when turning to the left, except when otherwise directed by a local ordinance or traffic officer, signal or sign." The word "sign" can properly be construed to include lines upon the pavement placed there for the purpose of directing traffic. Lines on the surface of a highway are in fact a substitute for signs placed at the side of the road, used because they serve more effectively to direct traffic than would such signs both by reason of their greater simplicity and by reason of the fact that they are more apt to catch the attention of drivers of automobiles who are watching the road in front of them. The provision of the rule of the road in question should be read in connection with the powers vested in traffic authorities of municipalities by § 119e of the Cumulative Supplement of 1939 to maintain "traffic control signals, signs, markings and other saftey devices" upon highways. These are required to conform to regulations of the state traffic commission, of which we can take judicial notice. *Roden* v. *Connecticut Co.*, 113 Conn. 408, 415, 155 A. 721. The regulations of the commission advocate the use of pavement markings for many purposes, among them the designation of "traffic lanes." The lines on the street in this case in effect established traffic lanes. It is not questioned that they were placed in the street by proper traffic authority. We do not need to decide whether the provisions of § 119e constitute a direct modification of the exception in the rule of the road under consideration; see *State* v. *Giant's Neck Land & Improvement Co.*, 116 Conn. 119, 126, 163 A. 651;

at least the use of lines for such purposes as those in this case shows a practical construction, by officers charged with the duty of controlling traffic, of the word "sign" in the exception as including such markings, and it serves to support the conclusion that the plaintiff was within the exception. *State ex rel. Gray* v. *Quintilian,* 121 Conn. 300, 304, 184 A. 382; *State ex rel. McNamara* v. *Civil Service Commission,* 128 Conn. 585, 590, 24 A.2d 846.

The trial court's conclusion, stated in the finding, is that the line was placed there for the guidance and direction of drivers making a left turn from Forest Street, and that under the provisions of the statute the plaintiff was justified in following it and was not bound to go to her right of the intersection of the center lines of the highways. This is a reasonable inference from the facts found, which present a good illustration of the reason for the exception contained in the statute, the content of which makes clear the legislative intent that the rule of the road prescribed therein shall not prevail over control by traffic officers, signal, or sign in those places where because of special hazard or for other reasons such agencies are employed. *Viggiana* v. *Connecticut Co.,* 122 Conn. 514, 520, 191 A. 95.

The defendant contends that the only purpose of the white line was to show how a right turn from Capitol Avenue should be made into Forest Street. It would be wholly unnecessary if placed there for that purpose alone, for the angle of the intersection is such that a right turn could be accomplished with ease. The final claim is that, regardless of the effect of the white line, where this plaintiff has pleaded that she was in the exercise of due care and has that burden upon her, and where she knew or should have

known that if both vehicles proceeded in their respective courses at the same speed there was a risk of collision, she was guilty of contributory negligence as a matter of law. The unchallenged finding is that as the plaintiff started her motor, which had stalled, the front of her car was entering Capitol Avenue; that when she resumed her course she saw the defendant's car traveling west on Capitol Avenue at a distance of one hundred and fifty-five feet east of the point of collision; and that the defendant saw the plaintiff's car as it was about to leave Forest Street but did not reduce her speed of about thirty miles an hour upon a slippery highway until she was about fifty feet from the easterly curb line of Forest Street. When the plaintiff, after having stopped, proceeded into the intersection, she had the statutory right of way as regards the defendant, who was approaching from her left; General Statutes, Cum. Sup. 1939, § 123e; and the trial court was justified in finding, as it did, that she had the right to assume that the defendant would yield it to her and would have her car under such control that the right might be reasonably exercised by the plaintiff without risk of collision. *Sutton* v. *Hauk,* 108 Conn. 9, 12, 142 A. 385; *McNaught* v. *Smith,* 127 Conn. 450, 454, 17 A.2d 771. The plaintiff's duty, in continuing on her course, was to operate her car as a reasonably prudent person with knowledge that she had the right of way would operate under like circumstances. *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 A. 725. The facts found support the court's conclusion that the plaintiff was free from contributory negligence.

There is no error.

In this opinion the other judges concurred.