GLADYS INGRAHAM *v.* JOHN MAROTTA

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 2—decided June 5, 1951

*Abraham R. Friedman,* with whom, on the brief, was *Samuel H. Friedman,* for the appellant (plaintiff).

*Ralph C. Dixon,* with whom, on the brief, was *David R. Hubbard,* for the appellee (defendant).

JENNINGS, J. The plaintiff was injured as a result of a collision between two automobiles. The case was tried to a jury and resulted in a defendant's verdict. The plaintiff has appealed from the denial of her motion to set it aside and from the judgment.

The jury reasonably could have found the following facts: The accident occurred shortly before 7 a. m. opposite the plant of the Royal Typewriter Company in Hartford. Traffic was very heavy. The plaintiff was driving south in the line of cars nearest the west curb. The defendant was substantially abreast of her in the next line and headed in the same direction. An officer was controlling traffic. As the defendant passed the plaintiff, the latter turned left into the former's line of traffic. Her left front bumper struck the right rear fender of the defendant's car. On these facts the jury obviously could have found for the defendant. There was no error in the denial of the motion to set aside the verdict.

In her appeal from the judgment the plaintiff assigned three errors in the charge. There was no dispute about the general traffic situation. The defendant's claims of proof were substantially as stated above. The plaintiff claimed that as she was stopped in traffic the defendant cut across in front of her car and that his right rear fender and bumper caught her left front bumper.

The plaintiff complains of a charge that the jury might consider the nature of the impact in determining its effect on her. Since the jury found for the defendant, the plaintiff's claims of error in the charge as to damages are not considered. *Pape* v. *Baum,* 115 Conn. 712, 713, 161 A. 525; *De Lucia* v. *Polio,* 107 Conn. 437, 438, 140 A. 733.

The plaintiff's claim that the court misstated the evidence is without merit. The charge is to be read as a whole. *Kerin* v. *Baccei,* 125 Conn. 335, 337, 5 A. 2d 876. So considered, it is evident that the trial court repeatedly emphasized the basic factual issue. Simply stated, this was: Did the plaintiff run into the defendant or did the defendant run into the plaintiff?

The plaintiff requested in writing a charge on the last clear chance doctrine, but it was not given. The conditions necessary for the application of this doctrine are stated in *Fine* v. *Connecticut Co.,* 92 Conn. 626, 631, 103 A. 901, as follows: "Situations coming within the operation of the principles attempted to be stated by the court are those in which four conditions co-exist, to wit: (1) that the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact but also that the party in peril either reasonably cannot escape from it or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care."

The plaintiff's claim of proof was nothing more than that she was struck while she was in her own lane of traffic. She did not claim that she had pulled the front of her car into the lane at her left, the zone of danger. The defendant's claim was that the plaintiff turned her

car into his lane of traffic just as his car passed and struck his right rear fender, so he could have had no clear chance to avoid the collision. The court was not required to grant the request. *Correnti* v. *Catino,* 115 Conn. 213, 224, 160 A. 892.

There is no error.

In this opinion the other judges concurred.