NATHAN EFLAND *v.* THE GUYOTT CONSTRUCTION COMPANY, INC., ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued June 7—decided July 31, 1951

*Martin E. Gormley,* for the appellants (defendants).

*Charles Henchel,* for the appellee (plaintiff).

JENNINGS, J.   The plaintiff brought suit against the defendants for injuries which he suffered when the bus he was operating collided with a truck which was owned by the named defendant and driven by the defendant Carroll.   The jury returned a verdict in the plaintiff's favor.   The court denied the motion of the defendants to set the verdict aside and they appealed.   The issue is whether the court erred in denying the motion.

The trial court filed the following memorandum of decision:   "Just after one o'clock on the morning of January 31, 1948, the plaintiff was operating an empty passenger bus easterly along Grand Avenue in New Haven, toward the intersection of Grand Avenue and East Street.   The defendant [Carroll] was driving a tractor-trailer oil truck northerly along East Street toward the same intersection.   An overhead traffic light was set to flash yellow intermittently. Since the defend-

ant [Carroll] was approaching from the plaintiff's right, the plaintiff at best had only a common law right to proceed. *Peckham* v. *Knofla* [130 Conn. 646, 649, 36 A. 2d 740]. The jury might have found that as the bus was entering the intersection the truck was fifty feet or more away from it and that the plaintiff might reasonably believe, and in fact did, that he could proceed through the intersection without risk of collision. It follows that the plaintiff might be found to have proven actionable negligence on the part of the defendant[s] and the defendant[s] not found to have proven contributory negligence. That in fact there was a collision does not establish negligence on the part of the plaintiff. Ibid. The jury might consider that at this city intersection, with an overhead caution light in operation, cars would be expected to be travelling more slowly than on an uncontrolled open road in a rural area and that this would be a factor each operator might consider in determining the risk of a collision at the intersection. There was also evidence from which the jury might have found that in fact each vehicle was proceeding slowly. That the case was a close one does not remove the factual questions from the province of the jury. Indeed, it was a typical jury case. Neither is it material whether or not the court, alone, would have reached the same factual result. On a permissible finding of fact, the jury's verdict was a reasonable one. Therefore, it must stand. The motion to set aside the verdict is denied."

A majority of the court hold that the memorandum filed by the trial court in denying the motion to set aside the verdict adequately disposes of the only issue on appeal. The situation is similar to that in *Brangi* v. *Marshall*, 117 Conn. 675, 168 A. 21; and see *Camarotta* v. *Kling*, 108 Conn. 602, 604, 143 A. 881. In the instant case, as in the *Brangi* case, the jury could have found

that when the plaintiff reached the edge of the intersection he reduced his speed before proceeding on through it. If he had the right to proceed, this he might properly do, for "he was entitled to assume that the driver of the truck would grant it to him and have the truck under control so that the plaintiff could proceed through the intersection, in the exercise of reasonable care, without interference." *Brangi* v. *Marshall,* supra, 677. It is true, as pointed out in *McNaught* v. *Smith,* 127 Conn. 450, 453, 17 A. 2d 771, that arriving at the intersection first is not the test. It is, however, a factor that may be considered by the trier in deciding whether, under the rule, the cars are arriving at the intersection at approximately the same time. In an appeal of this type it is assumed that the charge was correct. *Schroeder* v. *Hartford,* 104 Conn. 334, 336, 132 A. 901. The decision of the trial court is entitled to great weight, especially when it agrees with that of the jury. *Scarcello* v. *Greenwich,* 127 Conn. 464, 468, 17 A. 2d 523. It was a question of fact for the jury to decide, under proper instructions, whether the defendant Carroll had the right of way or the plaintiff had the right to proceed first through the intersection.

There is no error.

In this opinion BROWN, C. J., INGLIS and O'SULLIVAN, Js., concurred.

BALDWIN, J. (dissenting). General Statutes, § 2489 (a) (at the time of the accident, General Statutes, Sup. 1947, § 329i) requires that each operator of a vehicle "approaching any intersecting public street or highway shall grant the right of way at such intersection to any vehicle approaching from his right, provided such vehicles are arriving at such intersection at approximately the same time." If applicable to a given situation, the statute establishes a mandatory rule of conduct

for motor vehicle operators. *Andrew* v. *White Line Bus Corporation,* 115 Conn. 464, 466, 161 A. 792. For the statute to apply, it must first appear that the two vehicles are arriving at the intersection at approximately the same time. *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 A. 350. They are arriving at approximately the same time "if a man of ordinary prudence in [the] situation [of the driver on the left], in the exercise of due care, would reasonably believe that if the two automobiles continued to run at the rate of speed at which they are then running, such continuance of their course would involve the risk of a collision." Ibid. If there is such risk, then the driver on the left must act to grant the right of way to the other. His duty to do so becomes absolute. *Service Fire Ins. Co.* v. *Brodner,* 130 Conn. 223, 225, 33 A. 2d 138; *McNaught* v. *Smith,* 127 Conn. 450, 453, 454, 17 A. 2d 771. To be sure, the driver coming in from the right and claiming the right of way is also bound to use due care. *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 A. 725. He is entitled to assume, however, if the statute applies, that the driver on his left will grant him the right of way. *Kleps* v. *Dworkin,* 127 Conn. 648, 651, 19 A. 2d 421; *McNaught* v. *Smith,* supra, 454. There was evidence from which the jury could have found that as the bus approached the intersection it slowed down and then went ahead at a fair rate of speed. The plaintiff testified, however, that as he came up to the intersection he reduced his speed to five miles an hour. He saw the defendants' truck fifty feet from the intersection. There is no evidence that it was any farther away. To clear the intersection, he had to cross a street thirty feet wide with a bus thirty feet long. He admitted that he did not know how fast the truck was going and gave no thought to the possibility that if the two vehicles continued there would be the risk of collision. He could have stopped

almost instantly, but instead he entered the intersection and increased his speed, and the two vehicles collided. Upon the evidence most favorable to the plaintiff, the statute applied and the duty devolved upon him to grant the right of way. His failure to do so constituted contributory negligence as a matter of law. The motion to set aside the verdict should have been granted.