316

STATE OF CONNECTICUT *v.* CHARLES WASHINGTON

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 1-4093

Argued November 17, 1961—decided June 18, 1962

*Ralph J. Lockwood,* of Bridgeport, for the appellant (defendant).

*Edward J. Capasse,* assistant prosecuting attorney, for the appellee (state).

COHEN, J.   In a trial to the jury, the defendant was convicted of speeding on the Merritt Parkway in violation of § 14-219 of the General Statutes. He has assigned error in the admission into evidence of the posted speed on the Merritt Parkway and in the court's charge to the jury that the posted speed on the Merritt Parkway is prima facie evidence of speeding.

The instructions given to the jury by the court were adapted to the issues raised and the undisputed facts of the case. The court stated the general principles of law and instructed the jury in their application to the facts. *Morris* v. *Platt,* 32 Conn. 75, 82. To be determined on this appeal is the effect

of the passage of legislation by the General Assembly concerning the Merritt Parkway. The Merritt Parkway commission was created in 1931 by an act of the General Assembly. 21 Spec. Laws 367, No. 408. Broad authority was given to the commission to regulate traffic on this parkway. After the creation of the state traffic commission in 1935 (Cum. Sup. 1935, § 73c), its authority to establish speed limits on "any trunk line highway or bridge" (Cum. Sup. 1935, § 566c [c]) was extended to include any "state aid" highway. Sup. 1937, § 319d.

The Merritt Parkway was excluded from the control of the state traffic commission by a specific statute, as far as establishment of speed limits was concerned. Sup. 1941, § 230f; Rev. 1949, § 2407; Rev. 1958, § 14-219 (b) (amended by Public Acts 1961, No. 517, § 15).

In 1959, the Merritt Parkway commission was abolished by the legislature; 29 Spec. Laws 221, No. 242; the act reads as follows: "Section 1. Number 408 of the special acts of 1931, number 260 of the special acts of 1935 and number 6 of the special acts of 1945 are repealed. Section 2. The terms of the members of the Merritt Parkway Commission in office at the time of the passage of this act shall terminate on the effective date hereof; and the duties of the commission in relation to the Merritt Parkway shall thereafter be performed in the same manner as in the case of other parkways. Approved June 11, 1959."

The act is very clear and broad in its application and intent. The state traffic commission is given full and inclusive jurisdiction over all trunk-line highways and bridges and state-aid highways and parkways.

The intent of the legislature as shown by its statutory enactments leaves no doubt that the state

traffic commission had the authority to post speed signs on the Merritt Parkway after June 11, 1959. In considering the intended operation of a statute, courts must presume that the legislature in enacting it had existing relevant legislation in mind. *Danbury Rubber Co.* v. *Local 402,* 145 Conn. 53, 58.

The reason for inserting the words "except the Merritt parkway" in § 14-219 (b) was removed, and the exception was eliminated by the abolition of the Merritt Parkway commission and the turning over of this authority to the state traffic commission. On June 18, 1959, the state traffic commission approved speed limits on the Merritt Parkway at a meeting duly called for that purpose. State Traffic Commission Minutes, June 18, 1959. The court may take judicial notice of the regulations of the state traffic commission. *Squires* v. *Wolcott,* 133 Conn. 449, 453; Maltbie, Conn. App. Proc. § 313.

To confer upon the state traffic commission the duty to regulate speed on the highways of the state, including the Merritt Parkway, and then hold that § 14-219 prohibited the exercise of this duty would be to negate the entire special act. "It is a cardinal rule of statutory construction that courts must presume that legislatures do not intend to enact useless legislation." *Bergner* v. *State,* 144 Conn. 282, 287.

Since the state traffic commission had the authority to post speed limits on the Merritt Parkway, it was proper to admit evidence of such posted speed and to charge the jury that speed in excess of such posted limits was prima facie evidence of speeding.

There is no error.

In this opinion McCarthy and Stapleton, Js., concurred.