ODETTE SCHWARTZ *v.* TOWN OF WESTPORT

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 6—decision released February 10, 1976

*Vincent R. Falcone,* with whom, on the brief, was *William J. Cousins,* for the appellant (plaintiff).

*Thomas Mulligan,* with whom, on the brief, was *James F. Kenney,* for the appellee (defendant).

PER CURIAM. This appeal arose from an action to recover damages caused by the defendant's alleged negligence. The jury returned a verdict in favor of the defendant and the plaintiff has appealed from the judgment rendered thereon. The sole assignment of error claims the court erred by excluding an expert's answer to a hypothetical question.

The plaintiff, Odette Schwartz, was injured when she fell while playing tennis on a tennis court owned and administered by the town of Westport. She alleged that she slipped on a plastic marking line that had some moisture on it. Evidence was produced that calcium chloride was applied periodically to the entire surface of the court including the plastic marking lines. The court was then washed down and when dry was swept. Calcium chloride not swept from plastic marking lines in the process of periodically treating the surface or kicked onto the plastic marking line during play on the court could

render the plastic surface wet when moisture was drawn by it from the air. The practice was to hand sweep the plastic marking lines with a regular hand broom. The tennis court had been treated on the Tuesday or Wednesday preceding the Sunday when the plaintiff fell. On that Sunday morning the attendant had broomed the lines. The day was hot and humid. After the plaintiff fell, her son-in-law, with whom she had been playing tennis, ran his hand over that part of the plastic line on which the plaintiff fell and found slight moisture on the tape.

Michael C. Katz, a former tennis professional at the courts, was called as an expert by the plaintiff. He testified that calcium chloride on plastic tapes would tend to cause moisture to stay on tapes and that during humid periods the calcium chloride would attract water from the air and create a wetter surface. He also testified to other ways that wetness could get on tapes and that, lacking the evidence of calcium chloride on the tape, the wetness could come from a number of sources.[1]

Thereafter the expert was asked: "Will you assume as facts for the purpose of this question, Mr. Katz, that on Sunday, August 18th, this Double-

[1] "Q. So that when you find a wet spot are you saying that when you find a wet spot on the tape that you can from the very nature of what you see in front of you determine what the source of that water is?

A. If there is calcium chloride present, you can see it.

Q. So if all you have is wetness, a slippery surface on a piece of plastic?

A. There is no calcium chloride, you cannot determine it.

Q. So it can be from any of the sources?

A. Don't remember ever finding wetness on a tape, unless there was calcium chloride there.

Q. Lacking the evidence of calcium chloride itself, it could be from any number of sources.

A. Absolutely."

day Court number 7, was a warm, humid day, Odette Schwartz slipped and fell on the plastic tape in that court. And her son-in-law discovered that the plastic tape at the place where she slipped and fell was wet. Do you have an opinion based on the facts as to where the wetness came from that he observed on that tape?"

When he stated he had an opinion, there was an objection which the court sustained and exception was duly taken.

The finding makes it clear that the ground for exclusion was that the answer to be given was too speculative and involved too many variables. The question was not properly framed in that it lacked essential facts in the light of the evidence presented and would merely elicit a speculative opinion. "The determination of the admissibility of a hypothetical question, at least except in extreme cases, is not to be made by the application of any rule of thumb. *Goodrich Oil Burner Mfg. Co.* v. *Cooke,* 126 Conn. 551, 554, 12 A.2d 833. Rather, it calls for the exercise of a sound discretion as to whether the question, even though it does not contain all of the facts in evidence, presents the facts in such a manner that they bear a true and fair relationship to each other and to the whole evidence in the case; *Barber's Appeal,* 63 Conn. 393, 409, 27 A. 973; *Jackson* v. *Waller,* 126 Conn. 294, 306, 10 A.2d 763; is not so worded as to be likely to mislead or confuse the jury; and is not so lacking in the essential facts as to be without value in the decision of the case. *Goodrich Oil Burner Mfg. Co.* v. *Cooke,* supra; *Johnson* v. *Toscano,* 144 Conn. 582, 591, 136 A.2d 341." *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 666, 136 A.2d 918.

There is no error.