ALEXANDER J. WHITE *vs.* THOMAS J. TAYLOR.

Third Judicial District, Bridgeport, April Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The plaintiff alleged an agreement between himself and the defendant whereby the latter promised to sell his saloon business for a stated amount within a reasonable time, and to pay the plaintiff, as compensation for his services in finding a customer, all that might be obtained in excess of that amount; that a customer was duly secured by the plaintiff who was able and willing to pay $500 more than the sum named, but that the defendant refused to sell. The answer was a general denial, and the jury returned a verdict for the defendant. *Held:*—

1. That if the defendant's offer to sell was conditioned upon securing the consent of his partner, the burden of proving such consent was upon the plaintiff, as the jury were instructed.
2. That having correctly instructed the jury as to what one must do to earn a commission as a broker, the trial court committed no error in saying to the jury that it was for them to determine whether these requisites were fulfilled in the case before them.
3. That had the jury returned a verdict for the plaintiff for $500, it would not necessarily have followed, as matter of law, that they should have added interest.

Alleged errors of the trial court in its charge respecting damages become of no importance if the jury return a verdict for the defendant.

Evidence that one had money enough to buy certain premises in December, is not in itself evidence that he had enough in the preceding October.

A partnership agreement is admissible in evidence to prove the existence of the partnership.

Argued April 10th—decided June 1st, 1917.

ACTION by a real-estate broker to recover for his services in procuring a customer for the defendant's retail liquor business, brought to the City Court of Waterbury and thence to the District Court of Waterbury, where the cause was tried to the jury before *Reeves, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

White *v.* Taylor.

The plaintiff's complaint alleged, in substance, that in September, 1914, the defendant was the owner of a retail liquor business in the town of Torrington; that on the day named he agreed with the plaintiff to sell the business within a reasonable time for $9,500; that the defendant agreed to pay the plaintiff, as compensation for his service in obtaining a purchaser, any sum realized over $9,500, and if the plaintiff failed to procure a purchaser the plaintiff would make no charge for his services; that in October, 1917, the plaintiff procured a customer for the business for the price of $10,000; that the defendant refused to sell, and the plaintiff lost the profit of $500.

The defendant's answer was a general denial.

The defendant offered evidence tending to prove the following: The plaintiff had been in the real-estate and meat business in the city of Waterbury for five years. The plaintiff is a Lithuanian and speaks that language. At the time of the alleged agreement to sell, the defendant and one Zavakay were partners and joint owners of the liquor license and saloon business in Torrington. Before the agreement was made, the plaintiff and several of his friends, all Lithuanians, visited Torrington for the purpose of buying a saloon, and on or about the 1st day of September, 1914, the plaintiff called upon the defendant and requested him to sell the saloon. At that time the defendant informed the plaintiff that he was willing to sell the saloon providing his partner would agree to the sale. On or about September 18th the plaintiff again visited the saloon, and the defendant then agreed to sell the saloon to the plaintiff for $9,500, providing his partner, Zavakay, would agree to the sale. The plaintiff had one or two interviews with Zavakay and he would not consent or agree to the sale. The defendant understood from the plaintiff that he was the prospective buyer, and he

White *v.* Taylor.

never informed the plaintiff that the price of the business was $10,000. The plaintiff and one George Miglan came to the saloon later, and led the defendant to believe that Miglan intended to purchase the business, and that the plaintiff was acting as Miglan's agent. The plaintiff never informed Miglan that the defendant's price for the saloon was $9,500, but did inform him that the price was $10,000. On October 7th, 1914, Miglan offered to buy the business. The defendant never placed the saloon and liquor business in the plain-. tiff's hands for sale as a broker, and the plaintiff never informed the defendant that he expected compensation in the event of a sale.

The plaintiff offered evidence tending to prove the allegations of the complaint. The cause was tried to the jury and verdict was rendered for the defendant. From a judgment for the defendant the plaintiff appeals, assigning as error that the court erred in the charge to the jury and in its refusal to charge as requested by the plaintiff, and in certain of its rulings on evidence.

*Clayton L. Klein,* for the appellant (plaintiff).

*Edward B. Reiley,* for the appellee (defendant).

SHUMWAY, J. The material and controlling fact in the plaintiff's case was the agreement set out in the complaint, and as the parties were directly at issue on this allegation, a verdict for the defendant necessarily implies a finding of this issue for the defendant, and the judgment must stand unless there is some material error in the charge to the jury.

The plaintiff complains of this paragraph taken from the charge: "If you believe that the defendant told White that before the sale of the business could be

consummated the consent of the defendant's partner must be obtained, then before the plaintiff could recover from the defendant it would have to appear by a fair preponderance of the evidence that the partner's consent had in fact been obtained. Such consent would be a part of the terms of the sale, otherwise the consent must have been obtained before the terms of the sale were made."

The last sentence may not be entirely clear, but its meaning in connection with the context is apparent. The jury must have understood that there was no contract binding on the defendant without the partner's consent to the sale, in case the jury found the defendant's offer to sell was upon condition that the consent of the partner must first be obtained; and that then the burden was upon the plaintiff to prove such consent.

The plaintiff further complains that the court refused to charge as follows: "An agent who obtains a purchaser who is ready, able and willing to buy the property upon the terms and conditions prescribed by its owner, is entitled to his commission, though the sale finally falls through because the owner subsequently refuses to sell on such terms and seeks to impose additional conditions." An inspection of the charge shows that the court used that exact language, but added these words: "It is for you to say whether Miglan was a person ready, willing and able to buy the retail liquor business in question at the terms prescribed by the defendant, if you further believe from the evidence that the plaintiff was authorized by the defendant to sell the premises or the business." There was no error in this. It was a proper application of a legal proposition to the evidence in the case and the court left it to the jury to determine what in fact the contract was between the parties.

The plaintiff took an exception to the charge upon the

question of damages, in that the court did not say to the jury that they should add interest in case of a verdict for the plaintiff. As the jury rendered a verdict for the defendant, they were not required to consider the question of damages. The plaintiff did not call the attention of the court to any claim that interest should be added in case the jury rendered a verdict in his favor for $500, and it does not follow as a matter of law that in all cases such as this interest should be allowed.

The plaintiff excepted to the ruling of the court in excluding a question to the witness Miglan. There was a question raised as to Miglan's having enough money to purchase the saloon, and it appeared he had two or three months later purchased a saloon in another place, and he was asked how much he paid for the latter saloon. This question was excluded. The fact that Miglan had money enough to buy the saloon in December was not in itself evidence that he had enough in the October previous, but the case did not turn upon that fact, though it appeared in evidence that Miglan had only $5,000 in October, 1914.

The court admitted in evidence over the objection of the plaintiff, the partnership agreement between Taylor and Zavakay. This agreement was admissible to prove the existence of the partnership and it did not appear that it was used for any other purpose.

There is no error.

In this opinion the other judges concurred.