## THE KATZ AND MULLEN COMPANY *vs.* WILLIAM LESNOW ET ALS.

Third Judicial District, Bridgeport, April Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 21st—decided June 1st, 1931.

*Nathaniel R. Bronson,* for the appellant (defendant Munson).

*Philip Pond,* for the appellee (defendant Lesnow).

Per Curiam. The plaintiff, holding second mortgages on two parcels of land, had been foreclosed out by proceedings instituted by the first mortgagee, and brought this action to recover the amount due upon the notes which he held, from the defendants, subsequent owners of the land who in their deed had assumed and agreed to pay the mortgage indebtedness. One of the defendants, Lesnow, upon whom the obligation of the assumption had come to rest, caused the appellant Munson to be cited in as a defendant and filed a cross-complaint against him in which he alleged that Munson, a grantee of the premises subsequent to him, had in his deed assumed and agreed to pay the mortgages but, before it was recorded, had caused the assumption clause to be erased. This Munson denied and thus raised the principal issue in the case, which was decided in favor of Lesnow. The trial court has found that Munson took title to the premises from The R. & G. Realty Company, through an exchange of properties, and that at the time the agreement for this exchange was made, Lesnow agreed to advance to the Realty Company a certain sum of money, in consideration of Munson assuming and agreeing to pay the incumbrances upon the premises. On the trial Lesnow offered in evidence a written contract between himself and the Realty Company in which it represented that Munson had assumed and agreed to pay the mortgages and which then defined the understanding between Lesnow and it as to the amounts to be advanced by the former and the consideration he was to receive. The trial court admitted the contract in evidence and the principal issue upon the appeal is the correctness of this ruling. It appeared in evidence that the contract was executed as a part of the transaction in which the exchange of properties was made, in the presence of an agent of Munson, and

was contingent upon the making of the exchange. The fact that the contract was made under these circumstances was strongly corroborative of the contention of Lesnow that the terms of exchange of the properties involved an assumption of the mortgages and an agreement to pay them on the part of Munson, and the written contract was the best evidence of this fact. *Banks* v. *Warner,* 85 Conn. 613, 617, 84 Atl. 325; *White* v. *Taylor,* 91 Conn. 581, 585, 101 Atl. 231; *Carrano* v. *Hutt,* 93 Conn. 106, 111, 105 Atl. 323. Certain testimony offered by Munson which had to do with the terms under which he was negotiating a sale of the premises to another party after he became owner of them, and the effect of which was that in these negotiations the purchaser was to take the property subject to the mortgages but not with an assumption of them was properly excluded.

There is no error.