JAMES LEONARD *vs.* PAOLO GAMBARDELLA ET AL.

MARY PEDUZZI *vs.* PAOLO GAMBARDELLA ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 2d—decided November 5th, 1935.

*Samuel E. Hoyt* and *Irving Sweedler,* for the appellants (defendants).

*William L. Hadden,* with whom was *Walter T. Faulkner,* and, on the brief, *Daniel Pouzzner* and *Clarence A. Hadden,* for the appellees (plaintiffs).

AVERY, J. These two cases were tried together. With the exception of damages, the allegations in the complaints were substantially the same. The plaintiffs alleged that on March 29th, 1934, at about 8.30 p.m., while crossing Whalley Avenue in New Haven, in the exercise of due care, from the north to the south side on a crosswalk at the intersection of Hobart Street, they were struck by a motor truck owned by the defendant Gambardella and operated by his servant and agent, the defendant Carpentier, and were injured. It was alleged that Carpentier was "reckless, careless and negligent in that he was operating the motor truck" at a. rate of speed greater than was reasonable and proper having regard for the width, traffic and use of the highway, and in such a manner as to endanger the life, limb and property of persons lawfully using it; that he failed to have the motor vehicle under proper control, or to keep a proper lookout for persons lawfully crossing Whalley Avenue, and neglected to sound a horn, or give other signal of his approach, or apply his brakes, or reduce the speed of the vehicle when approaching the intersection.

The cases were tried to the jury and verdict returned for the plaintiff in each case. The errors assigned upon these appeals are the refusal of the trial court to set aside the verdict, and claimed errors in the instructions of the court. From the evidence, the jury might reasonably have found the facts as follows: Whalley Avenue runs east and west and Hobart Street runs north and south entering Whalley Avenue from the south but not crossing it. The width of Whalley Avenue from curb to curb is sixty-four and one-half feet, and approximately in the center of the highway are located two sets of trolley rails. On March 29th, 1934, at about 8.30 p.m., the plaintiffs drove in an automobile out Whalley Avenue in a westerly direc-

tion, and parked their car near the north curb a short distance westerly from the intersection of Hobart Street. They then walked easterly upon the sidewalk to a point opposite the westerly sidewalk on Hobart Street and proceeded to cross Whalley Avenue on a crosswalk customarily used by pedestrians in crossing at that point. Before starting to cross, both plaintiffs looked in both directions, east and west, on Whalley Avenue and observed no traffic. Upon reaching a point between the two rails of the southerly track, the plaintiff, Leonard, observed lights of an approaching motor vehicle which appeared to him to be about one hundred and fifty feet to the west. The plaintiffs continued to cross the street and, when about midway between the most southerly rail and the southerly curbstone of Whalley Avenue, were struck by the defendant's truck and injured. At the time, the truck was going at a speed of between forty-five and fifty miles an hour. It did not slacken speed, no horn was sounded, and after its brakes were applied it slid forward eighty-seven feet before coming to a stop. The driver was hurrying to get to Gambardellas place of business because he was more than two hours late. The intersection was well lighted, the pavement was dry, and the weather was clear, but the driver did not observe the plaintiffs until "he was on top of them." If the jury found the facts to be as stated, they were warranted in finding that the plaintiffs were free from negligence in the premises, and that the driver was negligent.

The cases were submitted to the jury by the court upon the theory that the plaintiffs had stated by the allegations in their complaints above set forth, and had offered evidence to prove two distinct grounds of recovery: First, a case of negligence against the defendants; and, second, one of reckless or wanton mis-

conduct. The court gave to the jury appropriate instructions as to what constituted negligence and contributory negligence under the circumstances; but no error is assigned in the instructions upon this phase of the case. The court also instructed the jury as to what constituted "reckless or wanton misconduct," and gave instructions in relation to such misconduct. At the close of its charge, the court of its own motion submitted three interrogatories: First, was Carpentier guilty of reckless misconduct that was a proximate cause of the injuries of James Leonard? Second, was Carpentier guilty of negligence that was a proximate cause of the injuries of James Leonard? Third, was James Leonard guilty of negligence or contributory negligence that was a proximate cause of his injuries? Like interrogatories were submitted by the court to the jury in the Peduzzi case. With their verdicts, the jury returned answers to the first two interrogatories "Yes" and to the third "No." The finding by the jury that the defendant, Carpentier, was negligent and that the plaintiffs were free from contributory negligence, a finding which upon the evidence the jury were permitted to make, establishes the right of the plaintiff in each case to recover; and, under these circumstances, it is unnecessary to consider the various assignments of error based upon the charge of the court with reference to wanton misconduct or whether, under the complaints, a case of that character was alleged, or whether upon the evidence the jury were justified in making such a finding. The complaints contained a good and sufficient specification of negligence, and the jury found that the driver was negligent and the plaintiffs in the exercise of due care. These findings are supported by credible testimony. The damages awarded would be no more or less, whether the verdict was based on negligence or upon

wanton misconduct. The only effect of a finding of wanton misconduct would be to permit recovery notwithstanding contributory negligence of the plaintiffs. *Hayes* v. *New York, N. H. & H. R. Co.*, 91 Conn. 301, 315, 99 Atl. 694. It appears from the answer to the third interrogatory that the jury found these plaintiffs not contributorily negligent. Under these circumstances, it is immaterial whether a ground of recovery for wanton misconduct existed or whether the instructions of the court were correct upon that subject; and the verdict of the jury must stand. *Ziman* v. *Whitley*, 110 Conn. 108, 114, 147 Atl. 370; *Miller* v. *Connecticut Co.*, 112 Conn. 476, 480, 481, 152 Atl. 879.

There is no error.

In this opinion the other judges concurred.