### Mary Tuozzoli *v.* Frank R. Coulson.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.
Argued June 8th—decided June 17th, 1938.

*Joseph G. Shapiro,* with whom, on the brief, were *Harry A. Goldstein* and *Charles S. Brody,* for the appellant (defendant).

*David Goldstein,* with whom was *Kenneth Zarrilli,* for the appellee (plaintiff).

Per Curiam.  The plaintiff and a companion were walking in a northerly direction on the east side of Main Street in Bridgeport.  They came to Summit Street, which runs into Main Street from the east and is about thirty-two feet wide.  They stopped and looked both ways to see whether it was safe to cross Summit Street.  Seeing no traffic in or entering that street they proceeded to cross.  When the plaintiff was about three feet from the farther curb she was struck by a car driven by the defendant.  There was nothing to obstruct her vision of it as it approached, but she did not see it until it was within about three feet of her.  The car had been proceeding southerly on Main Street and when it reached the intersection the driver had turned it sharply to his left to enter Summit Street, proceeding at a speed of about fifteen miles

per hour and driving to the left of the intersection of the center of the two streets. It was after dark and the lights on the car were lit. From a judgment for the plaintiff the defendant has appealed, claiming that she was negligent as matter of law in not seeing the car in time to avoid being struck.

The defendant overlooks the fact that the plaintiff was entitled to assume that a car approaching on Main Street would obey the rules of the road and pass to the right of the intersection of the centers of the two streets, at least until something in the situation indicated to her that it might be cutting the corner. General Statutes, Cum. Sup. 1935, § 636c; *Larsen* v. *Thomas,* 119 Conn. 335, 338, 176 Atl. 400; *Barbieri* v. *Pandiscio,* 116 Conn. 48, 51, 163 Atl. 469. This element in the situation distinguishes this case from *Seabridge* v. *Poli,* 98 Conn. 297, 119 Atl. 214, and *Geoghegan* v. *G. Fox & Co., Inc.,* 104 Conn. 129, 132 Atl. 408, relied upon by the defendant. The plaintiff had gotten well beyond the point of intersection of the center of the two streets when she was struck. We cannot say as matter of law that she should have observed the defendant's car as it approached. *Leonard* v. *Gambardella,* 120 Conn. 445, 447, 181 Atl. 542.

There is no error.