ROSE GRAVELINE ET AL. *v.* CHESTER LIVINGSTON ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 4—decided November 17, 1943.

*Hugh J. McGill,* with whom was *Edward Mascolo,* for the appellants (plaintiffs).

*Daniel D. Morgan,* for the appellees (defendants).

DICKENSON, J. The action arose out of a collision of automobiles at a street intersection. The plaintiffs, passengers in one car, sued the owner and the operator of the other car for alleged negligence of the operator. Judgment was rendered for the defendants in the trial court. The plaintiffs appealed, assigning error in the finding of facts but not in the conclusions as such. See Conn. App. Proc., p. 133, § 100. On argument the plaintiffs orally asked leave to amend their assignments of error to include an attack on the conclusions. The defendants objected but argued that even with such an amendment the appeal could not prevail. We agree, and, as the case was fully argued before us, we decide the main issue, the soundness of the trial court's conclusion that the defendant operator was not negligent.

The plaintiffs are entitled to no material correction of the finding. The facts are these: Campfield Avenue and Preston Street in Hartford intersect substantially at right angles. Campfield Avenue runs approximately north and south and is thirty-eight feet wide. Preston Street runs approximately east and west and is thirty-four feet wide. At the time of the collision Campfield Avenue was a through street and Preston Street a stop street with a stop sign located on the north side of the street about fifteen feet east of its intersection with Campfield Avenue. A hedge located along the westerly line of the property situated at the southeast corner of the intersection obstructed the view of the operators of the vehicles in collision. The car in which the plaintiffs rode was being operated in a westerly direction along the northerly side of Preston Street approaching the intersection. The defendants' car was being operated in a northerly direction along the easterly side of Campfield Avenue approaching the intersection. There was no other traffic. It was day-

time. The defendant operator was familiar with the intersection and knew the hedge made a blind corner. As he approached the intersection, he reduced the speed of his car from twenty-five to twenty miles per hour. When his car was about opposite the north end of the hedge and about to enter the intersection, he saw the plaintiffs' car some twenty to twenty-five feet from the intersection approaching it at a rate of speed of thirty-five to forty miles an hour. He applied his brakes and brought his car to a stop within a distance of eight feet. When so stopped its right front wheel was at about the center line of Preston Street extended into the intersection. The plaintiffs' car did not stop at the stop sign on Preston Street but continued on by it at the rate of speed of thirty-five to forty miles an hour until reaching a point about ten feet east of the easterly line of the intersection, when the operator, for the first time seeing the defendants' car, increased the car's speed and directed it to the right in an attempt to cut around in front of the defendants' car. The front end of the plaintiffs' car cleared the front end of the defendants' car, but its left rear fender caught the defendants' bumper causing the plaintiffs' car to turn over and injure the plaintiffs. The trial court, on these facts, reached the conclusion that the defendant operator was not negligent.

General Statutes, Cum. Sup. 1939, § 544e, provides that when vehicles approach an intersection the operator having the other on his right shall grant him the right of way, providing the vehicles are arriving at the intersection at approximately the same time. General Statutes, Cum. Sup. 1939, § 123e, requires that, where stop signs are maintained on side streets intersecting through ways, operators on such streets shall bring their cars to a full stop before entering the intersection and, having done this, may proceed subject to the right

of way provided in § 544e. The right of way of an operator on a through street is not absolute. Once the operator of the vehicle approaching from the right has complied with the stop regulation he has the superior right of way . if the vehicles arrive at the intersection at approximately the same time, and the operator on the through way is required by statute to yield to him, but not to one who disobeys the stop warning and proceeds at speed into the intersection. This does not mean that the operator on the through way has no further duty. He is, of course, subject to the common-law duty to use reasonable care in the manner of his approach to the intersection and in passing through it.

In the case before us the defendant driver had reduced his speed from twenty-five to twenty miles per hour. He was familiar with the intersection and knew that the hedge made a blind corner so far as cars approaching from his right were concerned. But he had the right to assume that such cars would stop before proceeding, and, proceeding from a stop, would be traveling slowly. When he reached the blind corner, he at once observed the plaintiffs' car approaching at high speed. He applied his brakes and brought his car to a stop in eight feet. The plaintiffs claim a discrepancy between the findings that the defendant operator observed the plaintiffs' car as he was about to enter the intersection and upon observing it applied his brakes, stopping the car in eight feet, and the findings that Preston Street is thirty-four feet wide and that, when stopped, the right front wheel of the car was about at the center line of the street. It is too strict a construction of the finding to read it as meaning that the application of the brakes was instantaneous with the observation of the plaintiffs' car; the claimed discrepancy is inconsequential. The de-

fendant driver had the right to assume as he approached the intersection not only that any car coming from his right would obey the stop signal but that after doing so it would pass through the intersection to the right of the center line of Preston street extended; § 544e, supra; *Tuozzoli* v. *Coulson*, 124 Conn. 691, 692, 200 Atl. 324; and he brought his car to a stop substantially within the south half of the intersectional space. The trial court could reasonably conclude that the defendant operator was not negligent. The case mainly relied on by the plaintiffs, *Rosenberg* v. *Matulis*, 116 Conn. 675, 166 Atl. 397, involved the same legal principles but the conclusions of the trial court were sustained as decisions on questions of fact.

There is no error.

In this opinion the other judges concurred.