SARAH W. NEWTON ET AL. *v.* JOHN S. NIMMONS ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 9—decided November 4, 1952

*Edward S. Pomeranz,* with whom was *William P. Aspell,* for the appellants-appellees (plaintiffs).

*Philip R. Shiff,* with whom, on the brief, was *Martin E. Gormley,* for the appellant (defendant Higgins).

*J. Read Murphy,* with whom were *Harry Cooper* and, on the brief, *Cyril Coleman* and *William S. Zeman,* for the appellee (named defendant).

JENNINGS, J. This was a two-car accident at an intersection. The car in which the plaintiffs were riding as passengers was struck by the car driven by the defendant Nimmons. They sued their driver, Higgins, and Nimmons. Judgment was for the plaintiffs against Higgins and in favor of Nimmons. The plaintiffs claim that both drivers were liable. Higgins claims that Nimmons was solely responsible. The parties are at odds about details but there is no dispute as to the general situation.

Higgins drove north on route 167 and stopped at a stop sign sixty-six feet south of route 44, which intersected route 167. There was a duly established stop line painted on the black pavement of route 167 fifty-five feet north of the stop sign and eleven feet south of the southerly edge of the concrete portion of route 44. After stopping at the sign, Higgins drove forward at about fifteen miles per hour and did not stop until the accident occurred. When Higgins had nearly crossed the concrete on route 44, his car was struck on the right side by the car driven by Nimmons, who had been approaching from the east. The

trial court concluded that the failure of Higgins to stop at the stop line was a violation of General Statutes, § 2520, since route 44 was a through way, and that his negligence in that regard was the sole proximate cause of the plaintiffs' injuries.

Higgins states the issue on appeal to be the finding of the trial court that there was a stop line as stated above. This was an issue of fact found for the plaintiffs on conflicting evidence. Once established, the conclusion that Higgins was negligent and that his negligence was a proximate cause of the accident cannot be successfully attacked. Since Higgins forfeited his right to proceed by failing to stop at the stop line, the question of the concurrent negligence of Nimmons was one of pure fact. The plaintiffs' attorney stated in argument that he was not concerned with their appeal if Higgins was held.

There is no error on either appeal.

In this opinion the other judges concurred.