## Samuel Pollack *v.* Leslie G. Howe et al.

Daly, C. J., Baldwin, King, Murphy and Mellitz, Js.

Argued May 9—decided May 27—amended
opinion filed July 8, 1958

*Nathaniel Bergman,* for the appellant (plaintiff).

*Snow G. Munford,* for the appellees (defendants).

MURPHY, J. The jury could have found the following facts: The plaintiff was injured on October 20, 1952. He was crushed between the rear of a panel delivery truck and the door of the garage into which it had just been driven by the defendant Howe for overnight parking. The garage was equipped with a manually operated overhead door which the plaintiff opened to allow Howe to drive in. After the truck had stopped, with about three feet between it and the doorway, the plaintiff lowered the door, and without waiting until the driver alighted or to see whether the motor of the truck was still running, stepped behind the truck to lock the door. As he bent over to do so with his back to the truck, it moved backward and pinned him against the door. Howe had shifted the gears into reverse, and as he was about to alight, believing he had turned off the ignition, he removed his foot from the clutch. He thereby caused the truck to move and injure the plaintiff. The latter brought suit against Howe and his employer, the owner of the truck, alleging negligence in the manner in which the truck was parked so that it moved backward, injuring him. Agency of the operator was admitted. The defendants set up a defense of contributory negligence. The jury returned a verdict for the defendants which the trial court refused to set aside. From the judgment rendered thereon, the plaintiff has appealed.

In his request for a finding, as printed in the rec-

ord, the plaintiff set out eight alleged questions of law which he desired to have this court review upon appeal. The first seven relate to matters which should have been presented in the argument upon the motion to set aside the verdict. The eighth is the only one which presents a question of law: whether the court erred in denying the motion to set aside the verdict as being against the evidence. That issue has been raised in an assignment of error. Examination of the evidence as printed in the appendices to the briefs discloses that the issues of negligence and contributory negligence presented questions of fact within the province of the jury to determine. Under these circumstances the trial court was powerless, as are we, to set aside the verdict. *Harris* v. *Clinton,* 142 Conn. 204, 209, 112 A.2d 885.

Four questions of law which the plaintiff included in his request for a finding were not printed as such in the record. They do appear as assignments of error. As they were discussed in the briefs and were argued in this court, we have decided to pass upon them. In effect, the plaintiff claims in the first three that as a matter of law he could not be contributorily negligent; that his conduct in stepping behind the truck was a condition rather than a cause of his injury; and that the defendant operator's negligence was the sole proximate cause of the accident. The jury returned a general verdict for the defendants. The issues of negligence of the defendants, contributory negligence of the plaintiff and proximate cause were submitted to them. The general verdict imports that these issues were found in favor of the defendants. *Bradley* v. *Niemann,* 137 Conn. 81, 83, 74 A.2d 876. There is nothing in the record to show that they were other than questions

of fact for determination by the jury. Whether the conduct of the plaintiff constituted a condition or a cause of his injury should have been raised in the trial court by a request to charge. Practice Book § 153. Aside from this, it cannot be said, as a matter of law, that the conduct of the plaintiff was not a substantial factor contributing to his injury or that if it was such a factor, it was not negligent. *Marley* v. *New England Transportation Co.,* 133 Conn. 586, 591, 53 A.2d 296; *Johnson* v. *Pulidy,* 116 Conn. 443, 445, 165 A. 355.

Error is assigned in the refusal of the trial court to charge on the doctrine of res ipsa loquitur. In view of the general verdict, error, if any, in this respect could not be material. *Gennallo* v. *Mazzacane,* 144 Conn. 686, 689, 137 A.2d 534. Claimed error in the refusal of the court to charge as requested upon the unfavorable inference to be drawn from the failure of the defendants to call as their own witness a doctor who had examined the plaintiff in their behalf is of no avail. The plaintiff called this witness to testify upon the circumstances and results of his examination, and the record does not disclose that there was any fact peculiarly within his knowledge which was not covered by his testimony. Furthermore, the verdict for the defendants establishes the fact that the jury did not reach the issue of damages, and any inference to be drawn from the failure of the defendants to call the doctor would be immaterial. *White* v. *Taylor,* 91 Conn. 581, 585, 101 A. 231; *Pape* v. *Baum,* 115 Conn. 712, 713, 161 A. 525.

The only other assignment of error which is material pertains to a portion of the charge relating to one of the allegations of contributory negligence. The defendants by way of special defense alleged

five specifications of negligence by the plaintiff which they claimed contributed to his injury. The court read each allegation to the jury and explained its aplication to the issue. The fourth allegation was "[i]n that [the plaintiff] knew or should have known the truck would possibly roll back." The court then said: "Well, here again you will consider the circumstances, the grade of the bay; was there a pitch one way or the other so that he might expect that the truck would roll back or as a reasonably prudent person should he have known that the truck would roll back, and should he have, as a reasonably prudent person under those circumstances, not have gotten back there." Read in connection with the other portions of the charge, this phase of it could not have misled the jury. Throughout the charge, the court repeatedly instructed the jury that the conduct of the plaintiff was to be measured in relation to that to be expected of a reasonably prudent person under similar circumstances. Considered as a whole, the charge was sufficient in law, adapted to the issues and ample for the guidance of the jury. *DeCarufel v. Colonial Trust Co.*, 143 Conn. 18, 20, 118 A.2d 798.

There is no error.

In this opinion the other judges concurred.