MARIE M. DILLON ET AL. *v.* ERNEST TARANTINO

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued February 9—decided March 16, 1962

*Fred B. Rosnick,* with whom was *Andrew D. Dawson,* for the appellants (plaintiffs).

*Alfred L. Finkelstein* and *J. Warren Upson,* for the appellee (defendant).

ALCORN, J.   The plaintiffs, husband and wife, sought to recover damages for injuries suffered by

the wife in a fall on alleged defective and icy steps at an entrance to the defendant's home. The husband claimed only the resulting expenditures, and the wife is hereinafter referred to as the plaintiff. The defendant denied the plaintiff's claims of negligence and pleaded as special defenses her contributory negligence and assumption of risk. It was the contention of the plaintiff that the determination of her status as an invitee or licensee presented a question of fact for the jury, and, at the defendant's request, the court submitted interrogatories to the jury to determine the question. The jury rendered a verdict for the defendant and concluded, in answer to the interrogatories, that the plaintiff was a gratuitous licensee, not an invitee. The plaintiffs moved to set aside the verdict, and the court denied the motion. The plaintiffs appealed, assigning error in the denial of the motion, in the refusal to charge as requested, in the refusal to correct the finding, and in a ruling on a motion for disclosure.

In the view we take of the case, it is unnecessary to consider the errors assigned in the refusal to correct the finding and to charge as requested, and in the ruling on the motion for disclosure. These assigned errors relate principally to the plaintiff's status on the premises and, to a minor degree, to the condition of the premises and the effects of her fall. No error is assigned in the court's charge concerning the standard of care which the defendant would owe to the plaintiff either as an invitee or as a licensee, nor in the charge dealing with the issue of the plaintiff's contributory negligence or her assumption of risk. The verdict was a general one which imports that all issues, including contributory negligence and assumption of risk, were found in favor of the defendant. *Gennallo* v. *Mazzacane*, 144

Conn. 686, 689, 137 A.2d 534; *Hasler* v. *T. H. Canty & Co.,* 138 Conn. 343, 346, 84 A.2d 577; *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187. Consequently, if there was error in the particulars claimed, it was harmless.

The remaining question is whether the verdict should have been set aside because it was not supported by the evidence. The jury could have found the following facts: The plaintiff was forty-seven years old and a neighbor of the defendant. At about 2 p.m. on February 23, 1958, she went to the defendant's home to solicit a contribution for the heart fund. It was a cold, crisp day, and there was snow on the ground from a heavy snowfall on the preceding February 15 and 16. The plaintiff was wearing stadium boots. The back door opened onto a covered concrete patio or breezeway from which two brick steps, thirteen feet wide and seventeen inches deep, with seven-inch risers, led down to a flagstone walk. After the snowstorm, the defendant had shoveled the path and steps to the breezeway so that they were clear. The plaintiff, having walked up the path and steps onto the breezeway, entered the defendant's house by the back door. She spent about ten minutes in the house and then left by the same door. She fell while descending the steps from the breezeway. While in the house, she had remarked that her boots were big and that she kept tripping over them. After falling, the plaintiff stated that she did not know where or how she fell, but that she thought she had tripped over her boots. When asked what had happened, she said "I don't know. I just took a step and went down." The steps were dry and clear of ice or snow when the plaintiff fell. The defendant had used the steps when going to and returning from a 10 o'clock church service that day,

and his daughter and son-in-law had used them at 1:30 p.m. The steps were clean, dry and free of snow or ice at these times.

Since there was no assignment of error attacking the charge, except for the failure to charge in one particular relating to the plaintiff's status on the property, we may assume that the jury were in all other respects properly instructed upon the applicable principles of law and that they followed those principles. *Greene* v. *DiFazio,* 148 Conn. 419, 423, 171 A.2d 411; *Salvatore* v. *Hayden,* 144 Conn. 437, 440, 133 A.2d 622; *Zenik* v. *O'Brien,* 137 Conn. 592, 597, 79 A.2d 769; *McNulty* v. *Sherman Realty Corporation,* 123 Conn. 335, 337, 194 A. 726; *Arnold* v. *Connecticut Co.,* 83 Conn. 97, 99, 75 A. 78. The principle that a general verdict for a defendant imports that all issues submitted to the jury were found in his favor has been applied in testing the sufficiency of the evidence to support the verdict. *Pollack* v. *Howe,* 145 Conn. 423, 425, 143 A.2d 648; *Bradley* v. *Niemann,* 137 Conn. 81, 83, 74 A.2d 876. Those issues include the ones raised by the two special defenses. *Hasler* v. *T. H. Canty & Co.,* 138 Conn. 343, 346, 84 A.2d 577. The interrogatories submitted to the jury served to clarify only the duty of care imposed on the defendant, namely, his duty to a licensee whose presence was known to him as opposed to the duty which he would owe to a business visitor. The answers to the interrogatories do not show what the jury's findings were on other issues, such as whether the plaintiff failed to establish the faulty conditions alleged or the claimed cause of her fall, and whether, if she did establish these matters, the defendant proved contributory negligence or assumption of risk on her part. Since the evidence would support the verdict on any one

of these several grounds, it must stand. *Pollack* v. *Howe,* supra; *Bradley* v. *Niemann,* supra. Under the circumstances, we need not concern ourselves with whether the jury could properly find that the plaintiff was on the premises as a licensee rather than a business visitor. The court did not err in refusing to set aside the verdict. *Goodman* v. *Norwalk Jewish Center, Inc.,* 145 Conn. 146, 154, 139 A.2d 812.

There is no error.

In this opinion the other judges concurred.