JOHN H. ABROM v. BERNARD E. SOCOLOSKY

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, JS.

Argued October 9—decided November 7, 1963

*Aaron P. Slitt*, with whom, on the brief, was *Michael E. Grossmann*, for the appellant (plaintiff).

*Valentine J. Sacco*, for the appellee (defendant).

ALCORN, J. Automobiles driven by the plaintiff and the defendant collided within the intersection of Windsor and Canton Streets in Hartford at about noon on Sunday, August 10, 1958. Each driver claimed to have sustained personal injury and property damage. The plaintiff brought this action to recover damages from the defendant. The defendant denied negligence on his part, pleaded the plain-

tiff's contributory negligence and filed a counter-claim seeking damages from the plaintiff. The plaintiff answered the counterclaim, denying his own negligence and pleading the defendant's contributory negligence. The jury found the issues for the defendant on the complaint and for the plaintiff on the counterclaim. The plaintiff appeals from the judgment rendered on the verdict.

The clear import of the verdict is that the jury found the collision to be the result of the negligence of both parties. In the special defense to the plaintiff's complaint, the defendant set forth ten allegations of contributory negligence on the plaintiff's part. One of these allegations was that the plaintiff was negligent in failing to yield the right of way at the intersection.

The facts pertinent to the issue which we consider decisive of the appeal are not in dispute and can be briefly stated. The plaintiff was driving north, and the defendant was driving south, on Windsor Street. Canton Street intersects Windsor Street from the west but does not cross it. Stop signs on Windsor Street require a southbound vehicle, such as the defendant's, to stop before entering the intersection. There are no stop signs for northbound vehicles on Windsor Street. The defendant, as he approached the intersection, saw the stop sign facing him but did not stop before entering the intersection. After entering the intersection, the defendant's automobile collided with the plaintiff's vehicle, which was then in motion and had made, or was in the act of making, a left turn into Canton Street.

The court charged the jury concerning the defendant's duty to stop in obedience to a stop sign, using, substantially, the language of Public Acts

1959, No. 163, which amended General Statutes § 14-301 (c). The 1959 amendment was, of course, nonexistent on the date of this collision and consequently was not applicable. This inaccuracy in the charge is of no material significance since the charge on the subject, as far as it went, covered the essential substance of the applicable statute in force at the time, that is, § 14-301 (c) prior to its amendment in 1959.[1] The court told the jury, in effect, that it was the legal duty of the defendant, before entering the intersection, to bring his car to a full stop in obedience to the stop sign, and that failure on his part to do so would be negligence unless the failure was due to a circumstance beyond his control and to which no voluntary act on his part contributed. The defendant, in his claims of proof, asserted no extenuating circumstance. He claimed only that he saw the stop sign and applied his brakes, that his vehicle did not stop and that he removed his foot from the brake pedal and entered the intersection without stopping. The court failed to make any mention of the language of the portion of the statute which provides that "such driver, having so yielded, may proceed and the drivers of all other vehicles approaching the intersection shall yield the right of way to the vehicle so proceeding."

Following this discussion of the stop sign statute, the court quoted General Statutes § 14-246, concerning the duty of a driver contemplating a left turn

---

[1] "Sec. 14-301. THROUGH WAYS. . . . (c) The driver of a vehicle shall stop in obedience to a stop sign at the entrance to a through highway and shall yield the right of way to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but such driver, having so yielded, may proceed and the drivers of all other vehicles approaching the intersection shall yield the right of way to the vehicle so proceeding. . . ."

within an intersection.[2] In applying the statute to the facts of this case, the court said: "You will note that this statute applies only after the car intending to make the left turn is within the intersection. . . . If at that time any part of an approaching car, which would be . . . [the defendant's] car here, is within the intersection, then under the statute such approaching car has the statutory right of way." The court then continued: "Such approaching car also has the statutory right of way if at such time it is so close to the intersection, even though no part of it is actually within the intersection, as to constitute an immediate hazard." In neither situation did the court indicate to the jury that the plaintiff's duty to yield the right of way under § 14-246, as described, did not come into play unless the driver approaching the stop sign—in this case the defendant—had first yielded the right of way by stopping in obedience to the stop sign as required by § 14-301 (c).

The effect of these instructions was to convey to the minds of the jury the legal proposition that they might find the plaintiff negligent in failing to yield the right of way to the defendant in spite of the fact that the latter had admittedly failed to stop in obedience to the stop sign. Such a proposition runs counter to express language in § 14-301 (c) which dates from 1955. Cum. Sup. 1955, § 1404d.

---

[2] "Sec. 14-246. RIGHT OF WAY AT INTERSECTION TURN. The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but such driver, having so yielded and having given a signal as required by section 14-242, may make such left turn and the drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right of way to the vehicle making the left turn."

Even before that date, the wording of the statute uniformly required the driver approaching a stop sign to stop before asserting any right accorded him with respect to other vehicles in or approaching the intersection. Rev. 1949, § 2520 (c); Cum. Sup. 1939, § 123e (c).

Because the verdict was a general one, we cannot know which of the ten specifications of negligence alleged against the plaintiff the jury found established. Since the court's charge would have permitted the jury to base their verdict on the claim that the plaintiff failed to grant the right of way to the defendant, even though the defendant proceeded into the intersection without stopping, the charge must be considered erroneous and harmful. In view of this conclusion, it is unnecessary to consider the other assignments of error.

There is error in part; the judgment on the counterclaim is affirmed; the judgment on the complaint is set aside and a new trial is ordered, limited to the issues on the complaint.

In this opinion the other judges concurred.