ETHEL W. BAIRD *v.* GAER BROTHERS, INC., ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued October 9—decided December 2, 1964

*William P. Aspell,* with whom was *George Muir,* for the appellant (plaintiff).

*Valentine J. Sacco,* for the appellees (defendants).

COMLEY, J. The plaintiff sought damages for injuries received in a collision between her car and the named defendant's truck which occurred in Hartford at the intersection of Maple and Retreat Avenues. The jury returned a verdict for the defendants. There is no factual dispute of any significance between the parties, and the only question of law raised by the plaintiff in her assignments of error is whether the jury received instructions from the court which enabled them to determine correctly the area of the intersection.

The two avenues approach each other at a comparatively slight angle and meet in a long Y-shaped intersection. The intersection is broken up into a complicated pattern by four concrete traffic islands of various shapes and sizes, one of them being about 180 feet in length. Because any attempt at accurate verbal description seems doomed to failure, we reproduce on the opposite page the sketch which was used at the trial.

By appropriate signs, traffic moving in an easterly direction from Retreat Avenue is directed to proceed between traffic islands 2 and 3. No westbound traffic is permitted between these islands. An eastbound vehicle using this space is faced by stop signs

CODE
SS — STOP SIGN
KR — KEEP RIGHT SIGN
Y — YIELD RIGHT OF WAY

on each of these islands. After stopping, such a vehicle—and this was the situation of the truck—must then proceed between islands 1 and 4 into the eastbound lane of Maple Avenue.

The plaintiff entered the area from Jefferson Street, driving in a southerly direction with her right directional signal light flashing, but, instead of turning into the westbound lane of Retreat Avenue, she proceeded into the area between islands 3 and 4 which is marked for one-way traffic moving in a southwesterly direction. In the meantime, the operator of the truck, having halted at the stop signs and having seen the plaintiff's car with its right signal light flashing, went forward in an easterly direction and came into collision with the plaintiff's car, which had continued in a southwesterly direction.

As pointed out above, all of the plaintiff's claims of error arise out of the court's definition of "intersection" as that word was involved in the several issues of negligence. In effect, the court instructed the jury that, as applied to the courses being followed by the two vehicles, the intersection was the space bounded by the extended curb lines of the four traffic islands. It is the plaintiff's claim, in essence, that this instruction violates General Statutes § 14-1 (16), which defines "intersection" as "the area embraced within the prolongation of the lateral curb lines of two or more highways which join one another at an angle, whether or not one such highway crosses the other." The plaintiff contends that the only intersection properly involved in this case is the intersection of Maple and Retreat Avenues, that the statute immutably fixes this intersection as the area embraced within the prolongation of the lateral curb lines of those two avenues and

that it was error for the court to tell the jury, in effect, that the four traffic islands created several intersections having no connection with the prolonged lateral curb lines of the two avenues.

The plaintiff's argument imposes a construction on the statutory definition which is impractical and undesirably rigid. Under modern conditions, it is necessary that a rather complicated pattern of traffic be created in the interests of safety and good order. This purpose can only be accomplished by a device such as these four traffic islands. They are placed without regard to the prolonged lateral curb lines of the two named avenues. If a driver were compelled to measure his rights and duties under the common law and the statutory rules of the road by calculating whether he was in the area of those lines, he would be hopelessly confused. As we said in *Mathis* v. *Bzdula,* 122 Conn. 202, 206, 188 A. 264: "Where an intersection of highways is in the form of the one now before us, in the general shape of the letter 'Y' but with all the highway bounds about it curved, obviously no formula based upon the projection of these lines can be expected to serve the purpose intended by the statute." Again, in *Beck* v. *Sosnowitz,* 125 Conn. 553, 556, 7 A.2d 389, we said, quoting from *Mathis* v. *Bzdula,* supra, 206: "In determining the space included within an intersection, 'regard must be had to the courses which traffic passing in the various directions through it may normally be expected to take.'" We conclude that the court properly defined the intersection in this case.

There is no error.

In this opinion the other judges concurred.