JOSEPH RAMONAS *v.* DAVID A. ZUCKER ET AL.

HOUSE, C. J., COTTER, RYAN, SHAPIRO and LOISELLE, Js.

Argued April 6—decided May 11, 1972

*Walter M. Pickett, Jr.,* for the appellants (named defendant et al.).

*Thomas L. Brayton,* for the appellee (plaintiff).

COTTER, J. This was a two-car accident at the intersection of Meadow and Grand Streets in the city of Waterbury. The plaintiff, a minor, who brought this action by his father and next friend, was a passenger in a car owned by the defendant Arlene D. Zucker and operated by her son David A. Zucker in a northerly direction on Meadow Street. The defendant Frederick H. Megin was driving southerly on Meadow Street at its intersection with Grand Street and as he approached Grand Street he turned in an easterly direction to enter Grand Street. The plaintiff sued Megin and the Zuckers. The jury found for the plaintiff against the Zuckers and in favor of Megin. The court refused to set aside the verdict and rendered judgment thereon. The defendants Zucker have appealed. There is no factual issue in dispute.

Meadow Street is a public highway approximately fifty feet in width with two lanes for traffic going northerly and one for vehicles traveling southerly. For traffic proceeding northerly, such as the Zucker car, there was a "yield" sign stationed on the right-hand side of the highway in a large triangular island located easterly of Meadow Street between Meadow Street and Grand Street. Grand Street runs east and west. The triangular island divides Grand

Street and is situated at the intersection of Grand and Meadow Streets with one side of the island fronting on Meadow Street and the other two sides bounded by Grand Street. For traffic proceeding southerly, such as the Megin car, there were no traffic signs or controls.

Grand Street, also a public highway, intersected Meadow Street with two lanes of traffic allowed on each side of the island. In the area north of the island one lane proceeded in a general northerly direction on Meadow Street and the other permitted vehicular traffic to proceed in a general easterly direction from Meadow Street on Grand Street. In the area south of the island, there were also two lanes available for traffic going east from Meadow Street to Grand Street and south from Grand Street to Meadow Street. The Zucker car was going north. When it reached that portion of the intersection formed in part by the area on Grand Street north of the island, the driver of the Zucker car was confronted by the "yield" sign which also indicated by an arrow the direction of inter-state route 84 going west. There was no such sign or other material traffic control facing the Megin car which was proceeding south. In a sense, it can be said that under modern conditions, because of necessity, a rather complicated pattern of traffic was created in the interests of safety and good order. *Baird* v. *Gaer Bros., Inc.,* 152 Conn. 219, 223, 205 A.2d 490. As the vehicles approached one another, the Megin car, which had been going south, turned left into Grand Street to go in a general easterly direction. As the Megin car turned, there was a collision with the Zucker car proceeding north which resulted in debris being deposited approximately eight feet six inches west of the projection of the

easterly curb of Meadow Street at the mouth of Grand Street, which may be described as the area in the intersection wherein Meadow and Grand Streets meet each other. We reproduce a sketch of the location described above in Appendix I.

APPENDIX I

The disposition of this appeal turns on the issue, as briefed by the defendants, whether the court was correct "in charging that the rights of way between the Zucker car and the Megin car were governed by the 'Yield' Statute, Section 14-302, and in instructing the Jury that it could find that the Megin car was on 'another highway' within the meaning of that section."

The defendants take the position that § 14-302 of the General Statutes,[1] has no application to the right-of-way between the Zucker and Megin vehicles and requested the court to charge that the presence of the "yield" sign was not a factor in the issue of liability "since the Megin car was proceeding towards the . . . [Zucker] car on the same highway. The right of way [sic] of the parties are to be determined under Section 14-242." The court instructed the jury concerning the application of § 14-242 which related to turns "restricted" at an intersection and the signals to be given under the circumstances. It also explained the application of § 14-241 concerning an approach for a left turn; § 14-244, also relating to signals; and § 14-246, regarding the right-of-way of a driver within an intersection intending to turn to the left. The defendants, however, claim that the construction placed

---

[1] "[General Statutes] Sec. 14-302. 'YIELD' SIGNS. The state traffic commission, on any state highway, or a local traffic authority, on any highway under its control, may designate intersections at which signs bearing the words 'Yield' may be erected. The driver of a vehicle approaching a 'Yield' sign shall, in obedience to such sign, slow down to a speed reasonable for the existing conditions, and shall yield the right of way to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard during the time such driver is moving across or within the intersection, provided, if such driver is involved in a collision, such collision shall be deemed prima facie evidence of such driver's failure to yield the right of way."

by the court on § 14-302 concerning "yield" signs, as previously discussed, "eliminates by implication the requirements of Sections 14-241, 14-242, 14-244 and 14-246." Although we have said that where one of the vehicles approaching an intersection is intending to make a left turn the rights and obligations of the drivers are governed by §§ 14-241 (b), 14-242 (a), 14-242 (b), 14-244 and 14-246 of the General Statutes; *Michaud* v. *Gagne,* 155 Conn. 406, 409, 232 A.2d 326, *Kronish* v. *Provasoli,* 149 Conn. 368, 371, 179 A.2d 823; those cases did not involve the presence of a "yield" sign at the intersection so that the court was correct in this case in charging that § 14-302 was applicable and the jury were fully justified in finding the Zuckers negligent under the circumstances. It was conceded that the driver of the Zucker automobile failed to yield.

The statutory duty of the defendant Megin to yield the right-of-way in making a left turn did not arise until the driver of the Zucker car had complied with the statutory requirements of § 14-302 relating to the obedience of a driver to the "yield" sign at the intersection. Cf. *Abrom* v. *Socolosky,* 151 Conn. 199, 203, 195 A.2d 434. The court correctly charged that §§ 14-241, 14-242, 14-244 and 14-246 would apply if the jury found that the operator of the Zucker car obeyed the statutory requirements in connection with the "yield" sign. The statute creates a preference in certain streets and highways. The operator proceeding along a highway or street protected by a "yield" sign ordinarily has the right-of-way at the intersection in accordance with the prescribed conditions of the statute over drivers on subordinate thoroughfares, even as against vehicles approaching from the right, who must yield to the motorist on the favored road. The favored motorist may, in the

first instance, assume that the driver of the automobile on the unfavored highway will observe the law and yield the right-of-way as required by statute. See *Newton* v. *Nimmons,* 139 Conn. 223, 225, 92 A.2d 737; *Graveline* v. *Livingston,* 130 Conn. 397, 400, 34 A.2d 732.

Finally, the defendants in their brief argue that assuming, without admitting, that the statute in question would apply, the court was in error at one place in the charge in stating that "the Megin car, if it was proceeding south on Meadow Street, was a vehicle approaching on another highway." Meadow Street, of course, was one highway intersected by Grand Street. The court, however, thereafter charged on the other statutes discussed above. The defendants did admit in the pleadings that Megin was proceeding south on Meadow Street at the intersection of Meadow and Grand Streets and that as he approached Grand Street he turned in an easterly direction to enter Grand Street. Although the court erroneously included this statement in its instructions it was not necessary that the jury find that the Megin automobile was approaching on another highway in order to apply § 14-302. The statute provides that a driver approaching a "yield" sign "shall yield the right of way to any vehicle in the intersection or approaching on another highway." The court instructed the jury that § 14-302 would apply if they determined that the Megin vehicle was in the intersection. The jury were not required to find that Megin was approaching on another highway and was in the intersection for § 14-302 to apply; they could find one or the other circumstance. The jury could conclude from the evidence that the Megin vehicle was "in the intersection" as the Zucker vehicle approached.

The court charged on concurrent negligence and proximate cause to which no exception was taken. In fact, the instructions to the jury were quite extensive and covered the issues, facts and law in great detail. The charge as a whole fairly presented the case in such a way that injustice was not done and adequately contained a statement of the legal principles involved, their application to the facts and claims of the parties so that the instructions were sufficient for the guidance of the jury. *Amato* v. *Sawicki,* 159 Conn. 490, 494, 271 A.2d 80. In view of the charge read as a whole that portion of the charge objected to cannot be considered as a basis for finding harmful error. *Aetna Casualty & Surety Co.* v. *Murray,* 145 Conn. 423, 426–27, 143 A.2d 646; *Ingeneri* v. *Makris,* 131 Conn. 77, 80, 37 A.2d 865.

There is no error.

In this opinion the other judges concurred.